## 9931

### BRAY v. KRESS & MAYS.

(96 S. E. 135.)

1. EVIDENCE—BEST AND SECONDARY—TELEGRAM—BREACH.—In an action for breach by employer of a contract of hiring, the employer's telegram to employee, as received by the latter, was admissible as the original best evidence of the contract.

2. MASTER AND SERVANT—BREACH OF CONTRACT OF HIRING—DAMAGES—MEASURE.—In an action against an employer for breach of a contract of hiring, the employee's testimony that he brought his family from another State at trouble and expense was admissible on question of damages naturally flowing from the breach.

3. APPEAL AND ERROR—HARMLESS ERROR—EVIDENCE—CURE BY INSTRUCTIONS.—The admission of evidence that employee brought his family at trouble and expense from another State, if error, was not prejudicial to the defendant employer, in view of instructions that the measure of damages for breach of a contract of hiring was solely for loss of time.

4. MASTER AND SERVANT—CONTRACT OF HIRING—CONSTRUCTION—QUESTION FOR JURY.—In an action against an employer for breach of a contract of hiring, where the contract consisted of telegrams and oral agreements, it was proper to submit to the jury whether the contract was as contended for by plaintiff or as contended for by employer.

Before SPAIN, J., Greenville, Fall term, 1917. Affirmed.

Action by H. O. Bray against Kress & Mays. Judgment for plaintiff, and defendant appeals.

*Messrs. Cary & Cary* and *Haynsworth & Haynsworth,* for appellants, cite: *As to error in admitting in evidence copy of telegram:* Note 44 L. R. A. 438; 18 U. C. O. B. 60; 82 S. C. 249; 44 L. R. A. 438; 78 Pac. 579; note 8 Am. Cas. 270; 31 Minn. 481; 18 N. W. 291. *As to motion for nonsuit:* Enc. of Law, vol. XIV, p. 762; 50 S. C. 507. *As to charge to jury:* 17 S. C. 480; 15 S. C. 296; 3 S. C. 253; Thomp. Charg. Jur. 16, 17; 63 S. C. 422; 65 S. C. 22; 9 S. W. 867; 18 N. W. 172; 32 Mich. 274; 18 S. W. 898; 81 S. C. 226; 104 S. C. 234. *As to Judge's refusal to construe written instrument:* 50 S. C. 507.

*Mr. J. J. McSwain,* for respondent, cites: *As to charge of error in Judge's charge to the jury:* 87 S. C. 68.

March 20, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for damages for the breach of a contract for hiring. The case was tried before Judge Spain and a jury at September term of Court, 1917, for Greenville county, and resulted in a verdict in favor of the plaintiff in the sum of $305. After entry of judgment, defendants appeal.

Exception 1 complains of error in admitting in evidence the copy of telegram received by the plaintiff at Sweetwater, Tenn. This telegram bears date of October 31, 1916, and was filed at defendants' office at Calhoun, S. C., by J. S. Stone, as foreman, and was in answer to a telegram of inquiry asked for by plaintiff. The telegram admitted was received by plaintiff at Sweetwater, Tenn. The defendants answered plaintiff's inquiry by filing at Calhoun, S. C., with the Western Union Telegraph Company a message to be transmitted by it to the plaintiff. By engaging the telegraph company to transmit the message it became the agent of the defendants and the message received by the plaintiff was the original and best evidence against the defendants. Plaintiff had the right to act on the telegram received by him in response to his inquiry. He could not in Tennessee call for and inspect the original message filed at Calhoun, S. C. Neither is there any contention that the message delivered to plaintiff was in any way different from the one filed at Calhoun, S. C. The contention asked for by the defendants is unreasonable and cannot be sustained. This exception is overruled.

Exception 2 complains of error in allowing plaintiff, over objection, to testify that he brought his family from Ten-

nessee to South Carolina at trouble and expense. This
objection is overruled. If defendants contracted
with plaintiff and breached that contract, any damages that would naturally flow therefrom were competent evidence in estimating damages, but the admission of the evidence in no view of the case was prejudicial to the defendants, as the Judge charged the jury that the measure of damages was solely the damage for loss of time and the defendants have not excepted to this part of his Honor's charge. This exception is overruled.

Exception 3 complains of error in not granting nonsuit asked for by defendants at the close of plaintiff's testimony. The evidence in the case warranted his Honor in refusing the motion and submitting case to jury. This exception is overruled.

Exceptions 4, 5, 6 and 7 are based on the ground that his Honor erred in leaving to the jury the construction of the contract between plaintiff and defendants, which contract was in writing. His Honor stated the issues involved clearly, and charged the law of the case properly, and submitted to the jury the question for them to decide whether the contract was one contended for by the plaintiff or one contended for by the defendants; each party had been allowed to show what was their interpretation of the telegram, and the defendants cannot be heard to complain of the evidence they brought out and was passed upon by the jury. His Honor submitted to the jury the question of the duration of the contract; when it commenced and when it ended. This, under the evidence, he clearly had the right to do. He submitted the issuable facts of the case to the jury. This charge as a whole is free from error, and the defendants were in no manner prejudiced thereby. The jury found against the defendants that there was no release or discharge as to future services. Part of the contract was in writing and part oral, and his Honor correctly submitted it to the jury.

Exceptions overruled.    Judgment affirmed.

Mr. Chief Justice Gary and Messrs. Justices Hydrick and Gage concur.

Dissenting opinion by Mr. Justice Fraser.

I canot concur in the opinion of the majority in this case. The defendants were engaged in "certain railroad construction work," and wanted a trestle foreman. They received an inquiry from the plaintiff, as plaintiff states as follows:

"I understand you are in need of a trestle man. What will you pay? How long will the job last?"

To this inquiry the defendant's foreman replied:

"Come at once. Five dollars per day. Work will last until spring."

The plaintiff worked a little over eight days and was then discharged because the defendants were not satisfied with his work. Neither the defendants nor their foreman knew the plaintiff. The plaintiff testified:

"I knew that they knew nothing about me or the work that I could do. I don't know whether a contractor would employ a man that he knew nothing about for any definite period of time. I expected my job to last so long as I gave satisfaction. I regarded my agreement as fixed to the 20th of March, because the 20th of March is always considered the first day of spring. * * * I have not worked very much at this kind of business. I know that if a man does not give satisfaction he is discharged."

Again the plaintiff said:

"I was not accustomed to putting up this kind of work."

It seems to me that those who build railroads should put the most skillful and experienced men to build the trestle over which expensive machinery and men must pass. Valu-

able property and human lives depend upon the skill and experience of those who build trestles. I cannot hold that the contract was absolute and required the defendants to furnish trestle work to the plaintiff without regard to his efficiency from October 31st to March 20th. The plaintiff admits that the defendants did not know his want of experience. The plaintiff did know it, and his application for the job carried with it a guaranty of his skill and experience. It seems to me that the plantiff admits himself out of Court when he admits his want of experience and his knowledge that he was required to give satisfaction in order to hold his job.

Besides this, I do not see that there was a contract until spring. The defendants paid the plaintiff $5 per day for the time he worked, and, so far as the case shows to the contrary, the work lasted until spring. Respondent says plaintiff gave his understanding of the contract and the defendants gave their version, and that raised a question of fact for the jury. If this be true, the minds of the parties did not meet, and there was no contract.